**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
SHEET METAL WORKERS' NATIONAL
PENSION FUND; NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE FOR
THE SHEET METAL AND AIR CONDITIONING
INDUSTRY; SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST;
INTERNATIONAL TRAINING INSTITUTE FOR
THE SHEET METAL AND AIR CONDITIONING
INDUSTRY; and NATIONAL STABILIZATION
AGREEMENT OF THE SHEET METAL
INDUSTRY FUND

**ORDER**
08cv0968(ADS)(AKT)

                       Plaintiffs,

       -against-

CENTRAL DESIGN SYSTEMS, INC.,
and THOMAS NOFER, as an individual,

                       Defendants.
-----------------------------------------------------X

**APPEARANCES:**


**JEFFREY S. DUBIN, ESQ.**
Attorney for the Plaintiffs
464 New York Avenue
Suite 100
Huntington , NY 11743

**NO APPEARANCE:**

CENTRAL DESIGN SYSTEMS, INC.
THOMAS NOFER

**SPATT, District J.**

On July 9, 2008, the Clerk of the Court entered a notation of default against the defendant Thomas Nofer.  On October 18, 2008, the Court entered a default judgment against Nofer and referred the matter to United States Magistrate Judge A. Kathleen Tomlinson for an inquest as to damages.  On May 25, 2010, Judge Tomlinson issued a thorough Report recommending that the plaintiff be awarded damages in the amount of:

- $77,100.22 for unpaid fringe benefits;

- interest in amount to be determined;

- $15,420.04 in liquidated damages;

- $450.00 in court costs and disbursements; and

- $3,350.00 in attorneys' fees.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The Court has reviewed Judge Tomlinson's

Report and finds it be persuasive and without any legal or factual errors. There being

no objection to Judge Tomlinson's Report, the Court adopts it.

With respect to the calculation of pre-judgment interest, Judge Tomlinson

requested that the plaintiffs submit further documentation indicating the appropriate

pre-judgment interest rate, as well as indicating the applicable time period for interest

calculations. On June 9, 2010, the plaintiffs submitted a letter to the Court requesting

that prejudgment interest be calculated pursuant to the rate provided in 26 U.S.C. §

6621. However, the plaintiffs did not indicate when interest on the unpaid fringe

benefits began to accrue. The Court therefore calculates the pre-judgment interest to

commence accrual on June 30, 2007, the last day of the period during which the fringe

benefit payments were not made. The Court applies the rate provided in 26 U.S.C. §

6621, which is the federal short term interest rate, plus three percentage points.

For the foregoing reasons, it is hereby:

**ORDERED**, that Judge Tomlinson's Report and Recommendation is adopted

in its entirety, and it is further

**ORDERED**, that the Clerk of the Court is directed to enter a default judgment

against Thomas Nofer in the amount of $96,320.26, plus pre-judgment interest on

$77,100.22 calculated at the rate provided in 26 U.S.C. § 6621 and accruing from June

30, 2007 to the date hereof.

    **SO ORDERED**.

    Dated: Central Islip, New York
          September 2, 2010

                                */s/ Arthur D Spatt*
                                ARTHUR D. SPATT
                      United States District Judge